IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DALENA LAFFERTY ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO. _____ |
| COBB COUNTY SCHOOL ) | |
| DISTRICT, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

COMES NOW, DALENA LAFFERTY, Plaintiff, and brings her Complaint against Cobb County School District, and shows as follows:

### Parties, jurisdiction and venue

1. Plaintiff Dalena Lafferty brings this suit under the Americans Disabilities Act, 42 U.S.C. §12101 *et seq.* (ADA), the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.* (FMLA), and for breach of contract under state law.

2. Plaintiff is a resident of Cobb County, Georgia, within the Northern District of Georgia. Plaintiff was employed as a teacher for CCSD for 15 years until her unlawful termination.

3. Defendant Cobb County School District ("CCSD") is a political subdivision responsible for providing public educational services to students in Cobb County Georgia. CCSD is subject to service of process through its superintendent at its principal office at 514 Glover Street, Marietta, GA 30060.

4. Jurisdiction is invoked pursuant to 28 USC § 1331 as the claims herein present a federal question. This court has supplemental jurisdiction over these related state law claims under 28 USC § 1367.

5. Venue is proper in this Court under 28 USC § 1391 because Defendant conducts business and resides in this District and the unlawful actions and practices set forth herein were committed within the Northern District of Georgia.

6. Plaintiff timely filed a Charge of Discrimination on August 13, 2019 asserting claims for disability discrimination under the ADA.

7. This action is timely brought within ninety (90) days of Plaintiff's receipt of a Notice of Right to Sue from the EEOC.

8.  All administrative requirements and conditions precedent to maintenance of this action have been satisfied.

## Background Facts

9. Plaintiff Lafferty began her employment with Defendant CCSD as a special education teacher on or about July 24, 2005. Throughout her tenure at CCSD her performance was consistently satisfactory, as reflected on every annual evaluation she received.

10. During the 2018-2019 school year, Ms. Lafferty was assigned as a preschool special education teacher at Hayes Elementary School. At all relevant times, Teressa Watson was the principal at Hayes.

11. The class to which Ms. Lafferty was assigned for the 2018-2019 school year was exceptionally difficult. Early in the year she began to experience anxiety, which increased over time.

## Formal Evaluations before protected activities

12. Under CCSD policies in place during the 2018-2019 school year, Ms. Lafferty received three evaluations/assessments during the year. Each evaluation graded her on various aspects of her performance, assigned a mark between Level 4 (the highest) and Level 1 (the lowest).

13. On October 25, 2018, Ms. Lafferty received a Formative Assessment following a classroom observation by Assistant Principal Tiffany Larson. The Assessment rated Ms. Lafferty as satisfactory, as she received at least a Level 3 in each category.

14. The October Assessment ranked Ms. Lafferty at Level 4 in the area of "positive learning environment". Ms. Larson commented:

> "Ms. Lafferty continues to provide a warm, attractive and supportive learning environment. Ms. Lafferty clearly communicates and enforces high standards for student behavior even though she has some challenging students in her class. She maximizes instructional learning time."

15. On April 19, 2019, Ms. Lafferty received her second Formative Assessment from Ms. Larson. The overall ranking was again satisfactory.

16. In the area of "professionalism", Ms. Larson ranked Ms. Lafferty at Level 2. She commented, "Having to leave your planned parent event due to a challenging morning with a student was less than professional." This comment referred to an event in which Ms. Lafferty was physically attacked by a student, causing both physical pain and tremendous anxiety.

17. In or around April 2019 Ms. Lafferty had multiple discussions with her principal, Ms. Watson, about the fact that her health was suffering due to her

classroom placement. She requested that she be considered for an alternate position for the upcoming school year.

18. On May 3, Ms. Lafferty formally requested reassignment to a different classroom in an email to Ms. Watson. A note from her physician recommending such a change was attached. Although a fifth-grade position was open, Ms. Watson denied the request for reassignment.

19. Shortly thereafter, Ms. Lafferty formally requested FMLA, which was later granted for the period May 6 through May 24.

20. At the same time, she formally requested a reassignment as a reasonable accommodation under the ADA. A week after meeting with Rattana Inthirathvongsy, Director of Support Services, Ms. Lafferty received a letter dated May 24, 2019, denying her request for reassignment. Mr. Inthirathvongsy's letter asserted that Ms. Lafferty was able to apply for open positions until June 15, 2019.

21. Contrary to Mr. Inthirathvongsy's letter, however, Ms. Lafferty was not able to apply for a transfer. CCSD had secretly given her an Unsatisfactory evaluation on May 24, the day her FMLA leave ended.

22. In a Summative Evaluation dated May 24, 2019, Ms. Lafferty received the first Unsatisfactory evaluation in her career. CCSD issued the evaluation (a) without informing her that it had been completed, (b) without offering her the

opportunity for a conference to discuss it, and (c) without sending her a copy or making it available, all in violation of applicable law and/or regulations.

23. The May 2019 evaluation was inaccurate and retaliatory. In addition, the evaluation used events which occurred during Ms. Lafferty's approved FMLA leave in support of negative ratings.

24. Ms. Lafferty was never informed that she had received a negative evaluation, or even that an annual summative had been performed without the required conference. She only came to learn of the evaluation in August, through CCSD's response to an Open Records request.

25. CCSD offered, and Ms. Lafferty accepted, a teaching contract for the 2019-2020 school year.

26. Ms. Lafferty was approved for a second FMLA leave from July 24, 2019 through October 1, 2019.

27. In early October 2019, Plaintiff met with human resources official Kevin Kiger. Mr. Kiger told Ms. Lafferty that there would be a "stigma" if she were transferred to another school, because the school principal would know that she was transferred due to a disability. After meeting with Mr. Kiger Ms. Lafferty requested that she be granted additional leave through November 25; Mr. Kiger never responded.

28. In late October, Mr. Inthirathvongsy sent Ms. Lafferty a second application for a reasonable accommodation. Ms. Lafferty timely completed the application and returned it.

29. Ms. Lafferty met with Mr. Inthirathvongsy on November 18 regarding her second request for reasonable accommodation. Ms. Lafferty indicated that she would be willing to accept any assignment to an elementary or high school position.

30. In the November 18 meeting, Mr. Inthirathvongsy did not offer any reassignment or make any decision about Plaintiff's request. He told Ms. Lafferty that no decision could made about her request to be assigned to a new position until Christopher Dowd, Executive Director, Employee Relations, clarified her employee status and school assignment.

31. Ms. Lafferty sent an email to Mr. Dowd the same day, explaining that the ADA interactive process could not be completed until he clarified the situation.

32. On November 19, Mr. Dowd responded via email that Ms. Lafferty was "an active employee of the district without a work site location." His response indicated, "Employee Relations is awaiting the outcome of your most recent ADA request in order to proceed with next steps."

33. Ms. Lafferty never received any decision on her request for reassignment, and was never directed to report to any position subsequent to her second ADA request.

34. Instead, on or about November 25, 2019, Ms. Lafferty received two letters: (a) a letter from Mr. Inthirathvongsy dated November 21 indicating that her request for accommodation was denied; and (b) a letter from Mr. Dowd indicating that her employment was terminated due to "your refusal to return to your employment position."

35. CCSD did not offer Ms. Lafferty a hearing to contest termination of her employment.

## **COUNT I—ADA FAILURE TO ACCOMMODATE**

36. Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1-35 above as though fully set forth herein.

37. Plaintiff suffers from a disability within the meaning of the ADA.

38. Defendant CCSD failed and refused to consider a reassignment of Plaintiff, or any other available accommodation.

39. CCSD could have provided an alternative assignment to Plaintiff which would have allowed her to perform the essential functions of the job.

40. Plaintiff's requested reassignment would not have caused CCSD an undue burden.

41. Defendant's refusal to provide a reasonable accommodation caused Plaintiff damages, including lost pay, benefits and attorney's fees and other damages.

## COUNT II—ADA RETALIATION

42. Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1-35 above as though fully set forth herein.

43. Plaintiff suffers from a disability, has a record of a disability and/or is regarded as disabled within the meaning of the ADA.

44. Defendant CCSD retaliated against Plaintiff after she requested accommodations by secretly providing an inaccurate evaluation without following required procedures, and later by terminating her employment.

45. The requests for accommodation were the proximate and factual cause of CCSD's retaliatory actions.

46. The rationale for Plaintiff's termination, job abandonment, was false and pretextual.

47. Defendant's retaliation caused Plaintiff damages in an amount to be shown at trial.

### COUNT III—FMLA RETALIATION

48. Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1-35 above as though fully set forth herein.

49. Defendant retaliated against Plaintiff for exercising her legal right to take FMLA leave by secretly providing an inaccurate evaluation without following required procedures, and later by terminating her employment.

50. Plaintiff's FMLA leaves were the proximate and factual cause of CCSD's retaliatory actions.

51. The rationale for Plaintiff's termination, job abandonment, was false and pretextual.

52. Defendant's retaliation caused Plaintiff damages in an amount to be shown at trial.

### COUNT IV—BREACH OF CONTRACT

53. Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1-35 above as though fully set forth herein.

54. Defendant breached Plaintiff's contract of employment by terminating the contract without good reason, and without providing notice of any alleged breach by Plaintiff.

55. Defendant breached Plaintiff's contract of employment by performing an inaccurate evaluation without informing Plaintiff, and in violation of applicable rules and regulations.

55. Defendant breached its duty of good faith by terminating Plaintiff's employment for job abandonment while at the same time informing her that she was an "an active employee of the district without a work site location."

56. Defendant's breach of contract caused Plaintiff damages in an amount to be shown at trial.

## COUNT V—ATTORNEY'S FEES

57. Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1-35 above as though fully set forth herein.

58. Defendant has acted in bad faith, been stubbornly litigious, or has caused the Plaintiff unnecessary trouble and expense within the meaning of O.C.G.A. §13-6-11, entitling Plaintiff to an award of expenses of litigation.

WHEREFORE, Plaintiff prays as follows:

(1) For a trial by jury;

(2) That the Court enter an award of damages against Defendant, including attorney's fees, costs and expenses for violations of the ADA, as well as declaratory and injunctive relief;

(3) That the Court enter an award of damages against Defendant, including attorney's fees, costs and expenses for violations of the FMLA, as well as declaratory and injunctive relief ;

(4) That the Court enter an award of damages against Defendant for breach of contract;

(5) For an award of attorney's fees, costs and expenses under ADA, FMLA, and O.C.G.A. §13-6-11.

(6) For such other relief as the Court deems appropriate.

Respectfully submitted,


*/s/ E. Linwood Gunn, IV*
E. Linwood Gunn, IV
Georgia State Bar No. 315265
THE GUNN LAW FIRM LLC
244 Roswell Street, Suite 100
Marietta, GA 30060
470.508.0020
elg@atldiscriminationlawyers.com

# **CERTIFICATION UNDER L.R. 7.1D**

Pursuant to Northern District of Georgia Local Rule 7.1.D, the undersigned counsel for Plaintiff hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 10th day of February, 2021.

*/s/ E. Linwood Gunn, IV*
E. Linwood Gunn, IV
Georgia State Bar No. 315265
THE GUNN LAW FIRM LLC
244 Roswell Street, Suite 100
Marietta, GA 30060
470.508.0020
elg@atldiscriminationlawyers.com