## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DALENA LAFFERTY,<br><br>    Plaintiff,<br><br>v.<br><br>COBB COUNTY SCHOOL DISTRICT,<br><br>    Defendant. | Civil Action No. No. 1:21-cv-00604 |

## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant Cobb County School District ("CCSD" or the "District") and hereby file its Answer to Plaintiff's Complaint (the "Complaint"), showing the Court as follow:

### FIRST DEFENSE

All or some of the allegations of Plaintiff's Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred to the extent that she failed to timely exhaust her administrative remedies.

**THIRD DEFENSE**

This Court lacks subject matter jurisdiction over some of Plaintiff's claims, which are subject to immediate dismissal on those grounds.

**FOURTH DEFENSE**

Defendant has not deprived Plaintiff of any rights, privileges or immunities secured under the Constitution or laws of the United States or the State of Georgia.

**FIFTH DEFENSE**

Any actions taken with respect to Plaintiff's employment were taken for good cause and legitimate reasons.

**SIXTH DEFENSE**

Any personnel decisions made by the District with respect to Plaintiff's employment were based on legitimate, non-discriminatory and non-retaliatory grounds.

**SEVENTH DEFENSE**

Defendant has acted at all times in full compliance with the laws that Plaintiff alleges Defendant has violated; and Plaintiff has unclean hands.

## EIGHTH DEFENSE

No acts and/or omissions of the District or any of its representatives proximately caused or contributed to any of the damages allegedly sustained by Plaintiff, and, therefore, Plaintiff cannot recover against the District.

## NINTH DEFENSE

Plaintiff's Complaint fails to state claims for attorneys' fees upon which relief can be granted.

## TENTH DEFENSE

Plaintiff is not a qualified person with a disability as defined by applicable law; and is not a protected individual under the laws she alleges entitle her to relief.

## ELEVENTH DEFENSE

Defendant has acted at all times upon the existence of reasonable grounds of belief known to it and formed at the time and in light of the circumstances known to it.

## TWELFTH DEFENSE

Defendant has acted at all times in good faith and in a reasonable and prudent manner, exercising the degree of due and reasonable care required in

carrying out any duties allegedly owed to Plaintiff and has been consistent with all applicable legal standards.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff has failed to satisfy any jurisdictional and administrative prerequisites for her claims, including the failure to exhaust administrative remedies.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred to the extent that they rely on events not raised or involve persons not named in any charges that Plaintiff may have filed with the Equal Employment Opportunity Commission ("E.E.O.C.").

## FIFTEENTH DEFENSE

Plaintiff's claims are or may be barred by latches, waiver, estoppel, res judicata, and/or the applicable statutes of limitation.

## SIXTEENTH DEFENSE

To the extent as may be shown through discovery and not known by the District at the time of this Answer, the District asserts the affirmative defenses set forth in Fed. R. Civ. Proc. 8 and 12(b)(6).

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to damages to the extent that she has failed to mitigate her alleged damages as required by law; and has also failed to follow the Defendant's complaint and/or grievance procedures.

## EIGHTEENTH DEFENSE

Plaintiff's claims may be barred by any applicable bona fide occupational qualifications.

## NINETEENTH DEFENSE

Plaintiff's claims may be barred to the extent they rely upon after-acquired evidence.

## TWENTIETH DEFENSE

Defendant reserves any mixed-motive defense that may be applicable to this action.

## TWENTY-FIRST DEFENSE

Defendant reserves the right to raise additional affirmative defenses as may be discovered during the course of these proceedings.

## TWENTY-SECOND DEFENSE

Without waiving any defense at law or in equity, Defendant responds to Plaintiff's Complaint as follows:

**Parties, jurisdiction and venue**

1.

The allegations contained in Paragraph 1 to Plaintiff's Complaint state legal conclusions without any facts, and therefore require no answer by Defendant.  All remaining allegations stand denied.

2.

Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the first sentence of Paragraph 2 of Plaintiff's Complaint.  Defendant admits that Plaintiff was employed as a teacher for CCSD but denies she was unlawfully terminated.  All remaining allegations stand denied.

3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

The allegations contained in Paragraph 4 to Plaintiff's Complaint state legal conclusions without any facts, and therefore require no answer by Defendant.  All remaining allegations stand denied.

5.

The allegations contained in Paragraph 5 to Plaintiff's Complaint state legal conclusions without any facts, and therefore require no answer by Defendant. All remaining allegations stand denied.

6.

Defendant admits that Plaintiff filed a Charge of Discrimination on August 3, 2019 with the E.E.O.C. All remaining allegations stand denied.

7.

Defendant denies the allegations contained in Paragraph 7 to Plaintiff's Complaint.

8.

Defendant denies the allegations contained in Paragraph 8 to Plaintiff's Complaint.

## **Background Facts**

9.

Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint but admits that Plaintiff began working for the District on or about July 29, 2005.

10.

Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint but admits that Plaintiff was assigned as a pre-kindergarten special education teacher at Hayes Elementary School and that Teressa Watson served as the Principal of Hayes Elementary School during the 2018-2019 school year.

11.

Defendant denies the allegations contained in the first Paragraph 11 of Plaintiff's Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in the second sentence of Paragraph 11 of Plaintiff's Complaint.  All remaining allegations stand denied.

**Formal Evaluations before protected activities**

12.

Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 12 of Plaintiff's Complaint.  All remaining allegations stand denied.

13.

Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 13 of Plaintiff's Complaint.  All remaining allegations stand denied.

14.

Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 14 of Plaintiff's Complaint.  All remaining allegations stand denied.

15.

Defendant admits that Plaintiff received a Formative Assessment on April 19, 2019 but denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant admits that Plaintiff received a Formative Assessment on April 19, 2019 but denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 17 of Plaintiff's Complaint.  All remaining allegations stand denied.

18.

Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 18 of Plaintiff's Complaint.  All remaining allegations stand denied.

19.

Defendant admits that Plaintiff requested and was given FMLA leave but denies the remaining allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 20 of Plaintiff's Complaint.  All remaining allegations stand denied.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 24 of Plaintiff's Complaint.  All remaining allegations stand denied.

25.

Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 25 of Plaintiff's Complaint.  All remaining allegations stand denied.

26.

Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 26 of Plaintiff's Complaint.  All remaining allegations stand denied.

27.

Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 27 of Plaintiff's Complaint.  All remaining allegations stand denied.

28.

Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 28 of Plaintiff's Complaint.  All remaining allegations stand denied.

29.

Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 29 of Plaintiff's Complaint.  All remaining allegations stand denied.

30.

Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 30 of Plaintiff's Complaint.  All remaining allegations stand denied.

31.

Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 31 of Plaintiff's Complaint.  All remaining allegations stand denied.

32.

Defendant admits the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.

Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 33 of Plaintiff's Complaint.  All remaining allegations stand denied.

34.

Defendant lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 34 of Plaintiff's Complaint.  All remaining allegations stand denied.

35.

Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

## COUNT I – ADA FAILURE TO ACCOMMODATE

36.

Defendant realleges and incorporate by reference Paragraphs 1 through 35 of its Answer as though fully restated herein.

37.

The allegations contained in Paragraph 37 to Plaintiff's Complaint state legal conclusions without any facts, and therefore require no answer by Defendant. All remaining allegations stand denied.

38.

Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

Defendant denies the allegations contained in Paragraph 41 of Plaintiff's

Complaint.

## COUNT II – ADA RETALIATION

42.

Defendant realleges and incorporate by reference Paragraphs 1 through 35 of

its Answer as though fully restated herein.

43.

The allegations contained in Paragraph 43 to Plaintiff's Complaint state

legal conclusions without any facts, and therefore require no answer by Defendant.

All remaining allegations stand denied.

44.

Defendant denies the allegations contained in Paragraph 44 of Plaintiff's

Complaint.

45.

Defendant denies the allegations contained in Paragraph 45 of Plaintiff's

Complaint.

46.

Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.

Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

## COUNT III – FMLA RETALIATION

48.

Defendant realleges and incorporate by reference Paragraphs 1 through 35 of its Answer as though fully restated herein.

49.

Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.

Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.

Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

## **COUNT IV – BREACH OF CONTRACT**

53.

Defendant realleges and incorporate by reference Paragraphs 1 through 35 of its Answer as though fully restated herein.

54.

Defendant denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.

Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

55. (sic)

Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

## COUNT V – ATTORNEY'S FEES

57.

Defendant realleges and incorporate by reference Paragraphs 1 through 35 of its Answer as though fully restated herein.

58.

Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

Defendant denies that Plaintiff is entitled to any of the relief requested and set forth in the "Prayer for Relief," including the subparts (1) through (6).

Defendant denies each and every allegation contained in the Plaintiff's Complaint that has not heretofore been admitted.

## REQUEST FOR RELIEF

WHEREFORE, Defendant respectfully demands and prays as follows:

1.      That it be discharged without any liability to the Plaintiff;

2.      That the Court dismiss the present action against it;

3.      That all costs and expenses be taxed against the Plaintiff;

4.      That it be awarded attorneys' fees; and

5.      That Defendant shall have all such other relief as is permitted by law.

Respectfully submitted this 3rd day of June, 2021.

/s/ Laurance J. Warco
Laurance J. Warco
Georgia Bar No. 736652
*Counsel for Defendant*

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station – Suite 1700
201 17th Street, NW
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (facsimile)
Email: laurance.warco@nelsonmullins.com

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(B).

This the 3rd day of June, 2021.

*/s/ Laurance J. Warco*
Laurance J. Warco
Georgia Bar No. 736652
*Counsel for Defendant*

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station – Suite 1700
201 17th Street, NW
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (facsimile)
Email: laurance.warco@nelsonmullins.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day filed the within and foregoing **ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM-ECF System which will automatically send e-mail notification of such filing to the following counsel of record:

> E. Linwood Gunn, IV
> The Gunn Law Firm, LLC
> 244 Roswell Street, Suite 100
> Marietta, GA  30060
> elg@atldiscriminatorylawyers.com

This the 3rd day of June, 2021.

> */s/ Laurance J. Warco*
> Laurance J. Warco
> Georgia Bar No. 736652
> *Counsel for Defendant*

NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station – Suite 1700
201 17th Street, NW
Atlanta, GA  30363
(404) 322-6000 (phone)
(404) 322-6050 (facsimile)
Email: laurance.warco@nelsonmullins.com